WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Mark Isbell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV 04-2242 PHX JAT (VAM) |
| ) | |
| Justin Hughes, et al., ) | O R D E R |
| ) | |
| Defendants. ) | |

Plaintiff has filed a Motion for Partial Summary Judgment (Doc. 39), Motion for Temporary Restraining Order (Doc. 70) and Motion for Preliminary Injunction (Doc. 70). Defendants have filed a Cross Motion for Summary Judgment (Doc. 83). Now pending before the Magistrate Judge are several motions.

On March 10, 2006, plaintiff filed a Motion to Modify the scheduling order and extend the time to complete discovery. (Doc. 76). In this Motion, plaintiff states he has completed discovery except he wishes to request from the El Mirage Police Department and its staff a 2005 audit report of which he recently became aware. The Motion gives no detail on the "audit report." It makes no showing of relevance to this lawsuit. In fact, a 2005 audit report in and of itself does not appear to be relevant in any way to this lawsuit. Plaintiff has failed to meet his burden of showing there is a need to re-open discovery. The Motion will be denied.

On March 3, 2006. defendants filed a Motion requesting the Court order plaintiff to return his deposition after he reads and signs it or order plaintiff to pay the cost of the deposition. (Doc. 80).  On March 13, 2006, plaintiff filed a Motion asking the Court to strike defendants' Motion.  (Doc. 81).  Both of these Motions will be denied as moot as plaintiff stated to the Court in a filing that the deposition transcript has been returned.  <u>See</u> Doc. 89.

On March 30, 2006, plaintiff filed a Motion to Strike defendants' Cross Motion for Summary Judgment, or, in the alternative, grant him an extension of time to respond to the Cross Motion.  (Doc. 87).  The Motion to Strike will be denied as there is no basis for striking the Cross Motion for Summary Judgment.  However, the Court will grant plaintiff additional time to respond to the Cross Motion for Summary Judgment.  Plaintiff shall file a response by May 19, 2006.

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT***[1]

Defendants' Motion for Summary Judgment seeks to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,

---

[1] <u>Rand v. Rowland</u>, 154 F.3d 952, 962 (9th Cir. 1998).

2

if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

LRCiv 56.1 of the Rules of Practice of the United States District Court for the District of Arizona also requires, in addition, that you include as a part of your opposition to a Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.

> (a)  Any party filing a motion for summary judgment shall set forth separately from the memorandum of law, and in full, the specific facts on which that party relies in support of the motion.  The specific facts shall be set forth in serial fashion and not in narrative form.  As to each fact, the statement shall refer to a specific portion of the record where the fact may be found (i.e., affidavit, deposition, etc.).  Any party opposing a motion for summary judgment must comply with the foregoing in setting forth the specific facts, which the opposing party asserts, including those facts which establish a genuine issue of material fact precluding summary judgment in favor of the moving party.  In the alternative, the movant and the party opposing the motion shall jointly file a stipulation

3

1        signed by the parties setting forth a statement of the
       stipulated facts if the parties agree there is no
2        genuine issue of any material fact.  As to any
       stipulated facts, the parties so stipulating may state
3        that their stipulations are entered into only for the
       purposes of the motion for summary judgment and are not
4        intended to be otherwise binding.

5        Additional provisions of LRCiv 7.2, Rules of Practice of the

6 United States District Court for the District of Arizona are as

7 follows:

8        Subparagraph (e) of that Rule provides:

9        Unless otherwise permitted by the Court, a motion
       including its supporting memorandum, and the response
10       including its supporting memorandum, each shall not
       exceed seventeen (17) pages, exclusive of attachments
11       and any required statement of facts.  Unless otherwise
       permitted by the Court, a reply including its supporting
12       memorandum shall not exceed eleven (11) pages, exclusive
       of attachments.
13
       Subparagraph (i) of LRCiv 7.2 provides:
14
       If a motion does not conform in all substantial respects
15       with the requirements of this Local Rule, or if the
       opposing party does not serve and file the required
16       answering memoranda, or if counsel for any party fails
       to appear at the time and place assigned for oral
17       argument, such non-compliance may be deemed a consent to
       the denial or granting of the motion and the Court may
18       dispose of the motion summarily.

19 **It is plaintiff's obligation to timely respond to all**

20 **motions.  The failure of plaintiff to respond to defendants' Cross**

21 **Motion for Summary Judgment may in the discretion of the Court be**

22 **deemed a consent to the granting of that Motion without further**

23 **notice, and judgment may be entered dismissing the complaint and**

24 **action with prejudice pursuant to LRCiv 7.2(i).  See Brydges v.**

25 **Lewis, 18 F.3d 651 (9th Cir. 1994) (per curiam).**

26     **IT IS THEREFORE ORDERED** denying plaintiff's Motion to modify

27 the scheduling order and extend the time to complete discovery.

28                        4

(Doc. 76).

**IT IS FURTHER ORDERED** denying as moot defendants' Motion to order plaintiff to pay the costs of his deposition transcript or return the transcript. (Doc. 80).

**IT IS FURTHER ORDERED** denying as moot plaintiff's Motion to Strike the Motion set forth in Document 80. (Doc. 81).

**IT IS FURTHER ORDERED** denying plaintiff's Motion to Strike defendants' Cross Motion for Summary Judgment (Doc. 87) and granting plaintiff's Motion for an extension of time to file a response to the Cross Motion for Summary Judgment. (Doc. 87). Plaintiff shall file his response no later than May 19, 2006. There will be no further extensions.

DATED this 25th day of April, 2006.

*Virginia A. Mathis*
Virginia A. Mathis
United States Magistrate Judge